**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 13, 2007, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: February 13, 2007**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 05-90913 |
| | ) | |
| MARKELL DAVIS, | ) | Chapter 7 |
|    Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| BRIAN A. BASH, TRUSTEE, | ) | |
|    Plaintiff, | ) | Adversary Proceeding No. 06-1961 |
| | ) | |
| v. | ) | |
| | ) | |
| MARKELL DAVIS, | ) | |
|    Defendant. | ) | |

MEMORANDUM OF OPINION[1]

On October 16, 2006, the plaintiff Chapter 7 trustee filed an adversary complaint against the debtor-defendant Markell Davis to revoke and deny the debtor's discharge pursuant to 11 U.S.C. § 727(a)(6) and (d)(3). On December 1,

---

[1] This opinion is not intended for official publication.

2006, the defendant filed an answer to the complaint (Docket #10), and on January 26, 2007, the plaintiff filed a motion for summary judgment (Docket #15). The defendant did not file a response. For the reasons that follow, the plaintiff's motion for summary judgment is granted.

FACTS

On October 12, 2005, the defendant filed a petition under Chapter 7 of the Bankruptcy Code.[2] The debtor was granted a discharge on February 9, 2006, pursuant to 11 U.S.C. § 727. On March 29, 2006, the Court ordered the defendant to turn over $3,217.21 to the trustee in payments of $321.72 per month, due on the 15th of each month beginning June 15, 2006, until the balance is paid in full. (Case No. 05-90913, Docket #20). According to the defendant's answer to the complaint, the defendant has failed to fully comply with that order.

DISCUSSION

The Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a core

---

[2] This bankruptcy case was filed prior to October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, 119 Stat. 23 (BAPCPA). Therefore, all references to the Bankruptcy Code are to the Bankruptcy Code as it existed prior to the effective date of BAPCPA.

proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment

> if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County,* 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court

3

will review the evidence in a light most favorable to the nonmoving party. *See*

*Tennessee Department of Mental Health & Mental Retardation v. Paul B.,*

88 F.3d 1466, 1472 (6th Cir. 1996).

The plaintiff requests that the Court revoke the defendant's discharge

pursuant to 11 U.S.C. § 727(d)(3).[3] Section 727 provides that:

> (d) On request of the trustee . . . and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if —
> . . . .
> (3) the debtor committed an act specified in subsection (a)(6) of this section.

In turn, 11 U.S.C. § 727(a)(6)(A) provides that a debtor's discharge shall be denied

when the debtor has refused "to obey any lawful order of the court, other than an

order to respond to a material question or to testify." *See, e.g., In re Watson,*

247 B.R. 434, 436 (Bankr. N.D. Ohio 2000).

---

[3] Although the trustee seeks the revocation *and denial* of the debtor's discharge, the Court believes that any order revoking a debtor's discharge under subsection 727(d) means the debtor's discharge is taken away *without another chance to obtain a discharge in the case*. This situation is to be distinguished from the situation in which a debtor's discharge is *vacated* and the debtor still has an opportunity to obtain a discharge in the case. *See In re Midkiff*, 342 F.3d 1194 (10th Cir. 2003) (Bankruptcy Rule 9024 authorizes court to vacate discharge order separate and apart from revocation of discharge). As the Tenth Circuit noted in *Midkiff*, "Revocation of discharge has the same effect as a denial of discharge." 342 F.3d at 1199 (internal quotation marks omitted). Thus, in the context of subsection 727(d), the phrase "revocation *and denial* of discharge" is redundant.

Given the evidence adduced from the parties' pleadings, the plaintiff has shown that the defendant violated a lawful order of the Court to turn over $3,217.21 to the trustee in payments of $321.72 per month, due on the 15th of each month beginning June 15, 2006, until the balance is paid in full. The defendant has failed to respond to the motion for summary judgment or to produce any evidence admissible under Federal Rule of Civil Procedure 56(e) to show the existence of a material fact.

Viewing the evidence before it in a light most favorable to the defendant, the Court finds there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, the trustee's motion for summary judgment is granted. A separate judgment shall be entered in accordance with this Memorandum of Opinion.

IT IS SO ORDERED.